MR. JUSTICE HARRISON
specially concurring:
I agree that the trial judge here has no authority to set aside the judgment of a previous trial judge that “petitioner was not guilty by reason of insanity” and thereby commit him to the State Hospital for treatment. However, I agree with statements made by Judge Holter that a fraud was perpetrated, not only on the court, but on the people of Montana. See my dissent in State v. Olson (1979), 181 Mont. 323, 593 P.2d 724.
Our law allowing the finding of “not guilty by reason of insanity,” when applied to sexual crimes, creates a “Catch 22” situation. The professional testimony that put petitioner in a position to benefit from such a plea now tells the court that he never should have been sent to the State Hospital because he could not have been beneficially treated. As I understand the testimony of the psychiatrists, these types of offenders belong, not in the State Hospital, but in prison.
This petitioner was convicted of raping two women in Lincoln County. The conviction was set aside due to errors made by the trial judge in refusing to allow the prosecution to permit voir dire *352 examination of prospective jurors on subjects related to the insanity defense. However, there was no question of his guilt of the crimes charged. When brought for retrial, the court, on the basis of psychiatric testimony at the first trial, allowed the entrance of a plea of not guilty “by reason of insanity” and sent petitioner to the State Hospital. The jury at petitioner’s first trial found that he knew what he was doing and did not suffer from a degree of mental disease or disorder which prevented his responsiblity for committing the offense charged.
Years ago, before psychiatry refined the degrees of insanity, when one went beserk, regardless of the degree of insanity, he was said to be “crazy”; a word that covered every aspect of mental illness. We know better now. Some writers have pronounced the change toward treating mental disease an exhibition of such human quality as the moral constitution. Rules of law, as well as legislation, are predicated on patterns of human behavior. Certainly, they furnish the ideal for a democratic society to aspire to, but here the petitioner was far from being possessed of such a moral constitution. In addition, the test for determining his competency did not exact too much. He carefully planned his assaults on the two women when their husbands were away at work and promptly fled the scene after the commission of the rapes. I believe the evidence showed him legally sane. It is possible this is a case of depravity rather than one of insanity. Where the dividing line is between them, we do not know. It may be that the law has not developed the proper technique; but, such as we have, no body of men and women is better qualified to cope with the problem than a carefully selected jury.
In view of what the psychiatrists now testify, this type of offender does not suffer from mental defects treatable at the State Hospital. It now becomes a legislative matter where such offenders are to be confined and whether they are entitled to the use of the plea of “not guilty by reason of insanity.”